UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMIN LAKHANI,
    Plaintiff,
vs.

CGI 55MM, LLC and
MILLE HOSPITALITY, LLC
d/b/a MOTEK GABLES,
    Defendants.

## COMPLAINT

Plaintiff, AMIN LAKHANI (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendants, CGI 55MM, LLC and MILLE HOSPITALITY, LLC d/b/a MOTEK GABLES (hereinafter "Defendants"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

### JURISDICTION & VENUE

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq.*, based upon Defendants' violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a restaurant located on or about 45 Miracle Mile, Miami, Florida 33134 (hereinafter "Subject Premises").

**3.** All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

### PARTIES

**4.** Plaintiff, AMIN LAKHANI, is a resident of the State of Florida, is *sui juris*, and is a qualified individual under the ADA and the FACBC who has been intentionally denied access to the Subject Premises as set forth more fully herein, and who will continue to be intentionally denied such access without the injunctive relief requested herein.

**5.** Mr. Lakhani is limited in one or more major life activities and requires a wheelchair to ambulate. Mr. Lakhani has been diagnosed with Type 1B Hereditary Motor & Sensory Neuropathy, which is also known as Charcot-Marie-Tooth Disorder.

**6.** Despite the physical limitations to which he is subjected as a result of his disability, Mr. Lakhani strives to lead a full life, frequently travels, dines out, and is also an actively social, independent, and highly educated, individual.  Mr. Lakhani traveled internationally throughout his life both before and after requiring a wheelchair to ambulate at the age of 15.  Since the age of 15, he has traveled frequently through the United States, and also to Singapore, France, and Mexico.

**7.** Mr. Lakhani also attended a highly selective dual degree program at the University of Pennsylvania, an Ivy League Institution, where he received degrees in Economics and Computer Science.  Mr. Lakhani is very social, highly involved in his community, offers dating-coaching through his website and social media, and is highly involved in social activism.

**8.** Mr. Lakhani resides within close proximity (about 5 miles) from the Subject Premises, and frequently visits and travels through the area.

**9.** Mr. Lakhani avers with all certainty that he will frequently return to the Subject Premises once the architectural barriers to access and discriminatory policies and procedures violating the ADA and the FACBC are no longer present.

10. Mr. Lakhani looks forward to revisiting Subject Premises to partake in the full and equal enjoyment of the food and services offered to the general public by this Subject Premises which is one of the best middle eastern restaurants in Miami. However, Plaintiff is deterred from returning so long as the discriminatory barriers and policies described herein continue to exist at the Subject Premises.

11. Mr. Lakhani has visited the Subject Premises, which forms the basis of this lawsuit and plans to return to avail him of the goods and services offered to the public at the Subject Premises, and to determine whether the Subject Premises has been remedied to be ADA compliant.

12. However, Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of the barriers to access which exist at the Subject Premises including, but not limited to, those set forth in the Complaint.

13. Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of similarly situated persons with disabilities and an advocate for asserting his own civil rights.

14. In this instance, Plaintiff, in his individual capacity, has visited the Subject Premises, encountered barriers to access at the Subject Premises, was compelled to engage those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access including the ADA regulatory violations set forth herein below and the resulting difficulty, frustration, and social embarrassment.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III

of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.  Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**16.** Because, *inter alia,* this Subject Premises was designed, constructed, and received its State Licensure on May 21, 2021, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

**17.** Defendant, CGI 55MM, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**18.** Pursuant to the Miami-Dade Property Appraiser's Office, Defendant, CGI 55MM, LLC, is the owner and/or operator/manager of the real property located on or 45 Miracle Mile, Miami, Florida 33134 ("Subject Premises").

**19.** Defendant, MILLE HOSPITALITY, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**20.** According to the Florida Department of Business and Professional Regulations, the Defendant, MILLE HOSPITALITY, LLC, was licensed on May 21, 2021, for and occupies 45 Miracle Mile, Miami, Florida 33134 ("Subject Premises") as a restaurant.  Defendant, MILLE HOSPITALITY, LLC, is also the owner of the fictitious name/is doing business as "Motek Coral Gables".

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

21. The Defendants' Subject Premises is a public accommodation and service establishment, and although required by law to do so, it is not in compliance with the ADA and ADAAG.

22. In this instance, Mr. Lakhani visited the Subject Premises and encountered barriers to access at the Subject Premises, and engaged barriers, suffered legal harm and injury, and will continue to suffer legal harm and injury as a result of the illegal barriers to access, and Defendants' ADA violations set forth herein.

23. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

24. All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## FACTUAL ALLEGATIONS AND CLAIM

25. Mr. Lakhani has attempted to and has, to the extent possible, accessed the Subject Premises, but could not do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Subject Premises that restrict and/or limit his access to the Subject Premises and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

26. Mr. Lakhani intends to visit the Subject Premises again in the near future in order to utilize all of the goods, services, facilities, privileges, advantages, and/or accommodations commonly offered at the Subject Premises, but will be unable to do so because of his disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the

Subject Premises that restrict and/or limit his access to the Subject Premises and/or accommodations offered therein, including those barriers conditions and ADA violations more specifically set forth in this Complaint.

27. Defendants have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Subject Premises, including those specifically set forth herein, and make the Subject Premises accessible to and usable by persons with disabilities, including Plaintiff.

28. Defendants have discriminated against Mr. Lakhani by failing to comply with the above requirements. A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Subject Premises and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Premises include:

    **i.)** There is no lowered portion of the bar contrary to 2010 ADA Code §902.3 although this remediations is readily achievable; and

    **ii.)** There is no accessible seating contrary to 2010 ADA Code §902 although this remediation is readily achievable.

29. The above listing is not to be considered all-inclusive of the barriers, conditions, and/or violations which exist at the Subject Premises. Naturally, because the Plaintiff encountered and observed the initial barriers to access, above, he was denied full access to all areas of the Subject Premises.

30. It is in the best interest of all persons with disabilities that a full inspection be completed to ensure that the Subject Premises is in full compliance with the ADA and ADAAG for all disabled patrons.  Further, a full inspection of the entire property would be beneficial to all Parties to this action because it would protect Plaintiff from the likelihood further discrimination, difficulty, frustration, and social embarrassment of encountering additional barriers to access once he has equal, full, and unrestricted access to all public areas of the Subject Premises—and Defendants would benefit from an inspection of the entire Subject Premises, as they will be able to efficiently identify all barriers to access and finally bring the Subject Premises into compliance with the ADA, which was enacted over three (3) decades ago, preventing further discrimination based on disability towards any future patrons.

31. Mr. Lakhani has attempted to gain access to the Subject Premises, but because of his disability has been denied access to, and has been denied the benefits of services, programs, and activities of the Subject Premises, and has otherwise been discriminated against and damaged by Defendants, because of the physical barriers, dangerous conditions, and ADA violations set forth above, and expects to be discriminated against in the future as a result of the undue difficulty, frustration, and social embarrassment, unless and until Defendants are compelled to remove the unlawful barriers and conditions and comply with the ADA.

32. Independent of his personal desire to have access to this place of public accommodation free of illegal barriers to access Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA. Independent of other subsequent visits, Plaintiff also intends to visit the Premises regularly to verify its compliance or non-compliance with the ADA, and its

maintenance of the accessible features of the Premises. In this instance, Plaintiff, in Plaintiff's individual capacity and as a "tester", visited the Premises, encountered barriers to access at the Premises, engaged and tested those barriers, suffered legal harm and legal injury and will continue to suffer such harm and injury as a result of the illegal barriers to access and the violations of the ADA set forth herein. It is Plaintiff's belief that said violations will not be corrected without Court intervention, and thus Plaintiff will suffer legal harm and injury in the near future.

33. Plaintiff, in his capacity as a tester, will absolutely return to the Subject Premises when Defendants modify the Subject Premises or modifies the policies and practices to accommodate individuals who have physical disabilities to confirm said modifications have been completed in accordance with the requirements of the ADA

34. The removal of the physical barriers, dangerous conditions, and ADA violations set forth herein are readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R, § 36.304.

35. Plaintiff is without adequate remedy at law and is suffering irreparable harm and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Subject Premises, including those set forth herein.

36. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C., §§ 12205 and 12217.

37. Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Premises until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendants from continuing is discriminatory practices, ordering Defendants to remove the physical barriers to access and alter the Subject Premises to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, closing the Subject Premises until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
   *Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net